[908 NYS2d 210]

In the Matter of MICHAEL A. NAPOLITANO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 14, 2010

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

*Novenstern Fabriani & Gaudio, LLP*, Mount Kisco (*Sylvia L. Fabriani* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a petition dated October 22, 2008, containing nine charges of professional misconduct. On February 9, 2009, this matter was transferred to the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee). After a preliminary conference on March 19, 2009, and a hearing conducted over three days—on May 14 and 15, 2009, and June 29, 2009—the Special Referee sustained charges one, two, three, six, seven, eight, and nine, but did not sustain charges four and five. The Grievance Committee now moves to confirm in part and disaffirm in part the report of the Special Referee to the extent of sustaining all nine charges, and to impose such discipline as the Court deems proper. The respondent has submitted an affidavit in opposition, asking that he be given the benefit of the doubt as to charges alleging deceit or misrepresentation.

Charge one alleges that the respondent neglected a legal matter with which he was entrusted, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

On or about November 22, 2005, a meeting was held between Marianna Cangialosi, her daughter, Rosalba Russo, her cousin, Salvatore Salamone, Joshua Z. Hersh, a partner in the now-dissolved law firm of Hersh & Fowler-Cruz (hereinafter the firm), and the respondent, an associate who handled the firm's elder law cases. The firm agreed to represent Mrs. Cangialosi regarding the filing of a Medicaid application for long-term healthcare benefits and the negotiation with her medical care provider with respect to any unpaid bills not covered by Medicaid.

Pursuant to the respondent's advice, Mrs. Cangialosi transferred all assets in her name to her disabled husband, with the exception of assets held in a joint checking account not to exceed the sum of $4,000. The transferred assets included the marital residence, an adjoining lot, and an individual retirement account, and the transfer thus caused her to incur a tax liability in the sum of approximately $9,000.

Ms. Russo returned to Mrs. Cangialosi a $35,000 gift which had been made on November 14, 2005, which, if included in the calculation of Mrs. Cangialosi's assets, would have rendered Mrs. Cangialosi ineligible for Medicaid benefits for more than four months. Upon the return of the gift, Mrs. Cangialosi transferred it to her husband.

The respondent drafted the Medicaid application on or about December 16, 2005, but failed to file it. In April 2006 the respondent prepared a power of attorney appointing Mr. Salamone as Mrs. Cangialosi's attorney-in-fact, and informed Mr. Salamone that the local Department of Social Services (hereinafter the DSS) had asked for updated financial records in connection with the Medicaid application. The respondent still did not file the application.

Mr. Salamone sent the respondent several e-mail messages, including one on June 14, 2006, inquiring about the status of the application. The respondent failed to reply.

Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by making a false and/or misleading statement to his client and/or her family members, in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Mrs. Cangialosi, her daughter, and her cousin repeatedly inquired regarding the status of the matter. The respondent repeatedly told them, falsely, that the Medicaid application had been filed and was awaiting a decision from the DSS.

Charge three alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by making a false and/or misleading statement to a client's family member, in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In a telephone conversation with Mr. Salamone on or about January 5, 2007, the respondent stated that he would file a fair hearing request form to compel a decision on Mrs. Cangialosi's Medicaid application. The respondent then faxed to Mr. Salam-

one a fair hearing request form which included a typewritten statement: "Local Agency had failed to issue a final determination as to Medicaid eligibility in a timely manner." That document misled Mr. Salamone into believing that the respondent was actively pursuing the Medicaid application that he falsely stated had been filed on Mrs. Cangialosi's behalf.

Charge four alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by making false and/or misleading statements to an attorney who made an inquiry on behalf of the respondent's client, in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Vincent Castellano, Esq., prepared a deed and related documents transferring the Cangialosi residence and adjoining lot from Mr. and Mrs. Cangialosi to Mr. Cangialosi alone. The documents were executed on December 2, 2005, and recorded on December 8, 2005. Copies of the executed documents were provided to the respondent. In response to Mr. Castellano's inquiries about the status of the Medicaid application, the respondent stated that the application was taking such a long time to be processed because the relevant government agency kept requesting additional information.

Charge five alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by making a false and/or misleading statement to an attorney who was retained to determine the status of the legal matter the respondent was handling, in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Salvatore DiCostanzo, Esq., who practices elder law, met with Mr. Salamone and agreed, on an hourly fee basis, to investigate the cause of the unusual delay in processing the Medicaid application. The respondent informed Mr. DiCostanzo that he had filed a Medicaid application on Mrs. Cangialosi's behalf, but had not yet received a decision. Mr. DiCostanzo ascertained from the DSS that it had no record of any such application. The respondent failed to comply with Mr. DiCostanzo's request for proof, such as a date-stamped letter, that the application had been filed.

Charge six alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct prejudicial to the administration of justice, by giving false and/or misleading sworn testimony in connection with the investigation of the underlying Cangialosi complaint, in violation of DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]).

The respondent gave sworn testimony regarding the Cangialosi matter. The respondent admittedly did not file the Cangialosi application. He claimed that he was never provided requested documentation regarding a certain gift to Mrs. Cangialosi from her own parents, or proof that the proceeds of that gift were transferred to Mr. Cangialosi.

Charge seven alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct prejudicial to the administration of justice by giving false and/or misleading sworn testimony in connection with the investigation of the underlying Cangialosi complaint by the Grievance Committee for the Ninth Judicial District, in violation of DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]).

The respondent testified that he never told Mrs. Cangialosi, her family members, or attorneys Vincent Castellano or Salvatore DiCostanzo, that he had filed the Medicaid application or that he was awaiting a decision on the application.

Charge eight alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct prejudicial to the administration of justice by giving false and/or misleading sworn testimony in connection with the investigation of the underlying Cangialosi complaint by the Grievance Committee for the Ninth Judicial District, in violation of DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]).

The respondent testified that a fair hearing form he had faxed to Mr. Salamone on or about January 5, 2007, was "just a sample form" on which he typed Mrs. Cangialosi's name. He further testified that he told Mr. Salamone he would file the form "when the case is opened by the caseworker after submittal."

Charge nine alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer by failing to comply with a client's request that he return the client's file after he was discharged, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

By letter dated May 14, 2007, sent via certified mail and received in the respondent's office on May 16, 2007, Mrs. Cangialosi terminated the respondent's representation and asked him to promptly forward her file to Mr. DiCostanzo. The respondent admittedly failed to send the file to Mr. DiCostanzo until approximately October 26, 2007, after he received a copy of Mrs. Cangialosi's complaint with the Grievance Committee for the Ninth Judicial District.

Based on the evidence adduced, the Grievance Committee's motion to confirm in part and disaffirm in part the Special Referee's report is granted in its entirety, and all nine charges of the petition are sustained.

The Special Referee did not sustain charges four and five, based on his conclusion that each of the two attorneys consulted by the complainant and her family testified that the respondent had not definitively stated whether he had filed the application or not. However, the respondent's statements that the application was taking such a long time to process because the government agency involved had requested additional information, and that he would look into the agency's representation that it had no record of the application, were part and parcel of the respondent's continuing attempt to mislead. At the time the respondent made those statements, he was well aware that he had never filed the application. The respondent's attempt to deceive and delude may be inferred from the circumstances. Accordingly, the Special Referee erred in failing to sustain charges four and five.

In determining an appropriate measure of discipline to impose, the respondent asks the Court "to bear in mind the significant mitigating circumstances," including his wife's terminal illness, the dissolution of his law firm, his own depression and anxiety, his lack of venality, his expressed remorse, and the testimony of the judicial witnesses with respect to his good reputation. The respondent has no prior disciplinary history with the relevant Grievance Committees.

While the respondent may not have directly misrepresented the status of the application to the attorneys consulted by the Cangialosi family, he failed to reveal the true status, thereby allowing the attorneys to continue in their mistaken belief that an application had been filed, and the respondent falsely made it appear as though progress were underway. Taken in the context of his neglect and lack of due diligence, the respondent's intent was to deceive and mislead the attorneys as well as the complainant and her family.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the Grievance Committee's motion to confirm in part and disaffirm in part the Special Referee's report is

granted to the extent that all nine charges are sustained; and it is further,

Ordered that the respondent, Michael A. Napolitano, is suspended from the practice of law for a period of one year, commencing October 14, 2010, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (1) that during the said period he refrained from practicing or attempting to practice law, (2) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3); and (4) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael A. Napolitano, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael A. Napolitano, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).